UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  TAMMY TRANTER, AS OWNER
OF THE MOTOR VESSEL "SOUTHERN
VORTEX," A 47 FOOT 2004 FORMULA
THUNDERBIRD BEARING HULL
IDENTIFICATION NUMBER
TNRD2634A304

TAMMY TRANTER, AS OWNER OF
THE MOTOR VESSEL "SOUTHERN
VORTEX," A 47 FOOT 2004 FORMULA
THUNDERBIRD BEARING HULL
IDENTIFICATION NUMBER
TNRD2634A304, Her Engines, Tackle,
Apparel and Appurtenances,

    Plaintiff,

v.                                                                          Case No:   2:17-cv-144-FtM-38MRM

UNKNOWN DEFENDANT,

    Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

    Pending before the Court is Plaintiff's Motion for Entry of Default and Default Final Judgment (Doc. 13) filed on May 15, 2017.  Plaintiff seeks the entry of:

> [A] Default and Default Final Judgment against ST Snook Bight Marina, LLC, Mouser Engineering, LLC, David Denise and all persons and entities who have failed to file Claims or Answers to the Verified Complaint exonerating Plaintiff

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

>from any liability and barring the filing of any further claims or answers in these proceedings or in any other proceedings related to or arising out of event described in the Verified Complaint.

(Doc. 13 at 6).  For the reasons discussed herein, the Undersigned recommends that Plaintiff's Motion be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

**I.      Background**

Plaintiff brings this action pursuant to 46 U.S.C. § 30501, *et seq.* and Supplemental Rule F, Fed. R. Civ. P.  (*See* Doc. 5).  The Amended Verified Complaint alleges that a fire occurred aboard Plaintiff's vessel, a Formula motor vessel named "Southern Vortex" which bears hull identification number TNRD2634A304 on August 10, 2016.  (*Id.* at ¶¶ 5-8).  The fire allegedly occurred while the vessel was moored on navigable waters at Snook Bight Marina, 4765 Estero Blvd., Fort Myers Beach, Florida, destroying the vessel and causing damage to the marina's dock and to several nearby vessels.  (*Id.* at ¶¶ 6-10).  According to the Amended Verified Complaint, Plaintiff was not aboard the vessel at the time of the fire.  (*Id.* at ¶ 9).

Plaintiff seeks exoneration from or limitation of liability for all losses, injuries, and damages alleged to have been sustained as result of the incident that occurred on August 10, 2016.  In seeking this relief, on March 17, 2017, Plaintiff filed a Motion to Approve Ad Interim Stipulation and to Enter Monition and Injunction (Doc. 8).  On March 21, 2017, the Court entered an Order Approving Ad Interim Stipulation of Value, Directing Issuance of Monition and Injunction.  (Doc. 10).  A Monition (Doc. 11) was entered separately the same day.

Plaintiff then published a Notice of the Monition in *The News-Press*, a daily newspaper published at Fort Myers in Lee County, Florida for four straight weeks on March 31, 2017, April

7, 2017, April 14, 2017 and April 21, 2017. (Doc. 12).[2] Additionally, Plaintiff sent a copy of the Order to every known potential claimant via certified mail, including ST Snook Bight Marina, LLC, Mouser Engineering, LLC, and David Denise. (*See* Doc. 13-1; Doc. 13-2). Plaintiff contends that "no person or entity has filed a claim, answer or other paper in these proceedings and the time for doing so has passed." (Doc. 13 at 3). Thus, Plaintiff now seeks "entry of default and to default judgment exonerating her from any liability arising out of the incident described in the Complaint." (*Id.*).

**II.     Legal Standards**

In actions to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Admiralty or Maritime Claims to the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. *See In re: Ruth*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016). Pursuant to Supplemental Rule F of these rules:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

---

[2] In her Motion, Plaintiff incorrectly stated that the Notice of the Monition was published in the *St. Lucie News-Tribune*. (Doc. 13 at 3). This appears to be a scrivener's error because the Proof of Publication (Doc. 12) states that the Notice was published in *The News-Press*.

Fed. R. Civ. P. Supp. R. F(4).

After this notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this Rule." Fed. R. Civ. P. Supp. R. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

### III.   Analysis

In this case, by publishing the Notice of the Monition and by mailing a copy of the Court's March 31, 2017 Order (Doc. 10) to every known potential claimant, it appears that Plaintiff has properly complied with Supplemental Rules F(4) and F(5), the requirements of the Court's March 31, 2017 Order (Doc. 10), and the notice requirements set forth in M.D. Fla. R. 7.01(g), 7.06(a), and 7.06(b).  Nonetheless, Plaintiff's Motion is due to be granted only in part because Plaintiff seeks not only the entry of a default but also the entry of a default judgment but has not shown that the Court may enter both simultaneously.

In looking at the applicability of the Supplemental Rules for Admiralty or Maritime Claims, Supplemental Rule A(2) indicates that the Federal Rules of Civil Procedure apply to admiralty and maritime claims proceedings except to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules.  Plaintiff seeks relief pursuant to Supplemental Rule F, but Rule F has no specific provisions regarding default or default judgment.  Thus, the Court looks to the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 55 sets forth the rules for default and default judgment. Under the plain language of the Rule, there is a two-step process for obtaining a default judgment.  First, pursuant to Rule 55(a), "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after a default has been entered, a party may then move – pursuant to Rule 55(b) – for entry of a default judgment. *See, e.g.*, *Bardfield v. Chisholm Props. Circuit Events, LLC*, No. 309CV232/MCREMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (indicating that "Rule 55 sets out a two-step procedure for obtaining a default judgment"), *report and recommendation adopted,* No. 3:09CV232/MCR/EMT, 2010 WL 2278459 (N.D. Fla. June 4, 2010). Thus, the entry of a default and the entry of a default judgment are two distinct events. *See* Fed. R. Civ. P. 55.

To bolster this conclusion, the Undersigned points to the four admiralty decisions from this Court that Plaintiff cited in support of her Motion. (*See* Doc. 13 at 5). In all of the cases cited by Plaintiff, a clerk's default was entered prior to the entry of default judgment. *See In re: Ruth*, 2016 WL 4708021, at *2; *In re Petition of Holliday*, No. 6:14-cv-1709-ORL-28, 2015 WL 3404469, at *2 (M.D. Fla. May 26, 2015); *In re Reef Innovations, Inc.*, No. 6:11-cv-1703-ORL-31, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, No. 6:11-cv-1703-ORL-31, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012); *Olympia Dev. Grp., Inc. v. Non-Filing Claimants*, No. 809-cv-2230-T-33-AEP, 2010 WL 145887, at *1 (M.D. Fla. Jan. 8, 2010). These results are consistent not only with Rule 55 but also with this Court's Local Admiralty and Maritime Rules. *See, e.g.*, M.D. Fla. R. 7.02(f), (g).[3]

---

[3] The Local Rules do not have specific provisions for default and default judgment in Local Rule 7.06, which sets forth specific rules in actions to limit liability. *See* M.D. Fla. R. 7.06. Nevertheless, for other types of admiralty and maritime actions before this Court, such as actions for attachment and garnishment, the Local Admiralty and Maritime Rules indicate that a default must be entered before a default judgment. *See, e.g.*, M.D. Fla. R. 7.02(f), (g).

5

Turning to the present action, as stated above, it appears that Plaintiff has fulfilled all of her obligations pursuant to the Supplemental Rules, this Court's Local Rules, and this Court's March 21, 2017 Order (Doc. 10) such that an entry of default is appropriate.  Nonetheless, the Court cannot grant a default judgment at this time because a default must be entered separately and prior to the entry of a default judgment.  *See* Fed. R. Civ. P. 55(a)-(b).  Accordingly, the Undersigned recommends that Plaintiff's Motion for Entry of Default and Default Final Judgment (Doc. 13) be granted insofar as Plaintiff requests that a default be entered against ST Snook Bight Marina, LLC, Mouser Engineering, LLC, David Denise, and all persons and entities who have failed to file claims or answers to the Verified Complaint.  Nonetheless, the Undersigned recommends that Plaintiff's Motion be denied without prejudice as to her request for entry of a default judgment.  The Undersigned recommends that Plaintiff be permitted to file a renewed motion for entry of a default judgment after the entry of a clerk's default.  *See* Fed. R. Civ. P. 55(b).

### IV.     Conclusion

Accordingly, for the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS**:

1) That Plaintiff's Motion for Entry of Default and Default Final Judgment (Doc. 13) be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2) That a clerk's default be entered against ST Snook Bight Marina, LLC, Mouser Engineering, LLC, David Denise, and all persons and entities who have failed to file claims or answers to the Verified Complaint.

3) That Plaintiff be permitted to file a renewed motion for entry of a default judgment after the entry of a clerk's default.  *See* Fed. R. Civ. P. 55(b).

Respectfully recommended in Chambers in Fort Myers, Florida on January 23, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

7