IN RE:  TAMMY TRANTER, AS
OWNER OF THE MOTOR VESSEL
"SOUTHERN VORTEX," A 47 FOOT
2004 FORMULA THUNDERBIRD
BEARING HULL IDENTIFICATION
NUMBER TNRD2634A304

_____

TAMMY TRANTER, AS OWNER OF
THE MOTOR VESSEL "SOUTHERN
VORTEX," A 47 FOOT 2004 FORMULA
THUNDERBIRD BEARING HULL
IDENTIFICATION NUMBER
TNRD2634A304, Her Engines, Tackle,
Apparel and Appurtenances

          Plaintiff,

v.                                      Case No:   2:17-cv-144-FtM-38MRM

UNKNOWN DEFENDANT,

          Defendant.
_____/

## ORDER[1]

    Before the Court is Plaintiff Tammy Tranter's Renewed Motion for Default Judgment (Doc. 18) filed on February 9, 2018.  Plaintiff requests the Court enter a default judgment against any and all persons and/or entities who have failed to file claims or answers.  (Doc. 18 at 1).  For the following reasons, the Court grants Plaintiff's motion.

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This case stems from a vessel fire. (Doc. 5 at ¶¶ 5-7). The fire occurred aboard Plaintiff's vessel while it was moored at Snook Bright Marina. (Doc. 5 at ¶¶ 6-8). It not only destroyed Plaintiff's vessel but also allegedly caused damage to the Marina's dock and several nearby vessels. (Doc. 5 at ¶ 10). Plaintiff seeks exoneration from or limitation of liability for all losses, injuries, and damages arising from that incident. (Doc. 5). To that end, Plaintiff filed a Motion for Entry of Default and Default Judgment against non-filing claimants. (Doc. 13). The Court granted Plaintiff's request for entry of default but denied entering default judgment as premature.[2] (Doc. 16). Plaintiff again seeks default judgment against all potential claimants. (Doc. 18).

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Admiralty or Maritime Claims to the Federal Rules of Civil Procedure set forth deadlines for providing notice to potential claimants and filing claims." *In re: Ruth*, 8:15-CV-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-CV-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016). Pertinent here, Supplemental Rule F(4) provides

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the

---

[2] Plaintiff's Motion for Entry of Default and Default Judgment came before this Court on Report and Recommendation from United States Magistrate Judge Mac R. McCoy. (Doc. 15).

decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supp. Adm. R. F(4). Claimants must file or serve their claims before the date specified in the notice. *See* Supp. Adm. R. F(5). And "if a claimant desires to contest either the right to exoneration or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim included an answer." *Id.* If the notice period ends without a response from potential claimants and a plaintiff has complied with the applicable Supplemental Rules, default judgment will be entered. *See In re Pet. of Holliday*, 6:14-CV-1709-ORL-28, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015); see also Supp. Adm. R. F(4)-(5).

Here, entry of default judgment is warranted. The Court set April 28, 2017, as the deadline to file a claim. (Doc. 11). Plaintiff published notice of the limitation proceeding in a daily newspaper for four straight weeks before the deadline.[3] (Doc. 12). The notice expressly stated the deadline for filing a claim and/or answer and that failure to file a timely claim and/or answer may result in the waiver of such right to file a claim and/or answer. (Doc. 12). The Plaintiff also mailed a copy of the notice to ST Snook Bright Marina, LLC, Mouser Engineering, LLC, and David Denise. (Doc. 18 at ¶ 13). No potential claimant has filed a claim and/or answer before the Court and the deadline has expired. Because Plaintiff satisfied her responsibilities, the Court finds good cause to grant default judgment.

Accordingly, it is now

**ORDERED:**

---

[3] Plaintiff published notice of the limitation proceeding in the *News Press*, a daily newspaper published at Fort Myers in Lee County, Florida, for four straight weeks on March 31, 2017, April 7, 2017, April 14, 2017, and April 21, 2017. (Doc. 12)

(1) Plaintiff Tammy Tranter's Renewed Motion for Default Judgment Against Non-Filing Claimants (Doc. 18) is **GRANTED**.

(2) The Clerk shall enter default judgment in favor of Plaintiff TAMMY TRANTER, as Owner of the Motor Vessel "SOUTHERN VORTEX," a 47 Foot 2004 Formula Thunderbird Bearing Hull Identification Number TNRD2634A304, Her Engines, Tackle, Apparel and Appurtenances, against all claimants who have not timely filed claims or answers in response to Plaintiff's Amended Verified Complaint for Exoneration from or Limitation of Liability.

(3) The Clerk of Court is **DIRECTED** to terminate all pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record